IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KELVIN LOOPER and STEPHANIE LOOPER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. CIV-17-307-RAW |
| AMY BRASSEUR, WILL COCKE, and FOREMOST, INC., | ) ) ) ) | |
| Defendants. | ) | |

### ORDER

Before the court are the motions of the defendants to dismiss. Plaintiffs, appearing *pro se*, allege that they had an insurance policy with defendant Foremost, Inc. and suffered a "total loss" at their home, but that Foremost refused to pay for the loss and gave plaintiffs "the run around." Amy Brasseur is an adjuster and Will Cocke is an agent of Foremost. Defendants move to dismiss, *inter alia*, on the ground of lack of subject matter jurisdiction pursuant to Rule 12(b)(1) F.R.Cv.P.

A Rule 12(b)(1) motion generally takes one of two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. In reviewing a facial attack, the district court must accept the allegations in the complaint as true. The second type of attack goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. *See Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir.1995). The present motion is a facial challenge.

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent

standard than formal pleadings drafted by lawyers, but *pro se* parties must follow the same rules of procedure that govern other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.2005). Plaintiffs' complaint does not comport with Rule 8(a)(1) F.R.Cv.P., as it fails to provide a "short and plain statement of the grounds for the court's jurisdiction." No federal cause of action is alleged. As to diversity jurisdiction, the complaint alleges that plaintiff Stephanie Looper is a citizen of Oklahoma, defendant Brasseur is a citizen of California and defendant Cocke is a citizen of Oklahoma. No allegations are made as to the citizenship of Foremost. Complete diversity is necessary to invoke this court's jurisdiction under 28 U.S.C. §1332. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 584 (2005)(Complete diversity means that "all parties on plaintiffs' side must be diverse from all parties on defendants' side.").

Upon the filing of the motions to dismiss, the court gave plaintiffs the opportunity to file an amended complaint (#16), but they did not do so. Plaintiffs did file a response (#19) which asked the court not to dismiss the case and stated (in response to defendants' alternative motions to dismiss for failure to state a claim) that plaintiffs sue for breach of contract and bad faith. These are claims recognized under Oklahoma law but do not provide a basis for federal jurisdiction absent complete diversity. "A district court's dismissal for lack of subject matter jurisdiction should be without prejudice." *Strozier v. Potter,* 71 Fed.Appx. 802, 804 (10th Cir.2003). This means plaintiffs may re-file their action, if they choose to do so, in a court having jurisdiction.

It is the order of the court that the motions to dismiss (##13, 14 & 15) are hereby granted. This action is dismissed without prejudice for lack of subject matter jurisdiction.

**ORDERED THIS 20th DAY OF NOVEMBER, 2017.**

**Dated this 20th day of November, 2017.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma